

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 11851094
Date Processed: 11/18/2013

| | |
|---|---|
| Primary Contact: | Karen Santucci<br>United Stationers Inc.<br>1 Parkway North<br>Suite 100<br>Deerfield, IL 60015 |
| Entity: | ORS Nasco, LLC<br>Entity ID Number 3172376 |
| Entity Served: | ORS Nasco, LLC |
| Title of Action: | Lynetria Marchell Johnson vs. ORS Nasco, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Tulsa County District Court, Oklahoma |
| Case/Reference No: | CJ-2013-05151 |
| Jurisdiction Served: | Oklahoma |
| Date Served on CSC: | 11/14/2013 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Daniel E. Smolen<br>918-585-2667 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**EXHIBIT 2**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

LYNETRIA MARCHELL JOHNSON, )
)
      Plaintiff, )
)
vs. ) Case No. CJ-2013-05151
)
ORS NASCO, LLC, a Foreign Limited ) Attorney Lien Claimed E. MARK BARCUS
Liability Company, )
)
      Defendant. )

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

ORS Nasco, LLC
c/o Corporation Service Company
115 SW 89th Street
Oklahoma City, OK 73139

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this __8__ day of __November__, 2013

                                   County Court Clerk

                By   _____
                                   Deputy Court Clerk

(Seal)
    This summons and order was served on

                                 _____
                                 (Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

                          **Return ORIGINAL for filing.**
                            **PERSONAL SERVICE**

I certify that I received the foregoing Summons the _____ day of _____, 2013, and that I

delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
|  |  |  |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2013, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2013. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2013.
By:
Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of _____, 2013.
My Commission Expires: _____
Seal                                       Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2013, and receipt thereof on the dates shown:

| Defendant Receipted | Address Where Served | Date |
|---|---|---|
|  |  |  |

Signature of person mailing summons

DISTRICT COURT
FILED
NOV - 8 2013
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

LYNETRIA MARCHELL JOHNSON,     )
                                )
    Plaintiff,              )
                                )   Case No. CJ-2013-05151
vs.                             )
                                )   E. MARK BARCUS
ORS NASCO, LLC, a Foreign Limited )   Attorney Lien Claimed
Liability Company,              )
                                )
    Defendant.              )

### PETITION

COMES NOW the Plaintiff, Lynetria Marchell Johnson, through her attorneys of record, Daniel E. Smolen and Lauren G. Lambright, of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendant, ORS Nasco, LLC, for violations of her constitutionally protected rights arising out of her employment by said Defendants.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America and a resident of Tulsa County, Oklahoma.

2. Defendant, ORS Nasco, LLC, conducts regular business in Tulsa County and regularly employs more than fifteen (15) people.

3. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), providing for relief against discrimination in employment on the basis of race, and relief against a sexually hostile work environment.

4. Plaintiff, a resident of the State of Oklahoma, filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC")

complaining of discrimination based on a racially hostile work environment and termination in retaliation for reporting discrimination. A Notice of Right to Sue was received by the Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, the Plaintiff has complied fully with all exhaustion prerequisites required under Title VII.

5. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

6. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

7. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

8. Punitive damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

9. This action lies properly in Tulsa County because the Defendants conduct regular business in Tulsa County.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff, Lynetria Marchell Johnson, incorporates as if realleged Paragraphs 1-9.

11. The Plaintiff is an African American female.

12. The Plaintiff began employment with the Defendant in June 2010 and became a Manager of Customer Care on or about March 31, 2011.

13. During her employment with the Defendants, the Plaintiff was subjected to racial discrimination. Plaintiff was consistently undermined by her supervisors and Human Resources regarding the management of her subordinates.

14. One of Plaintiff's subordinate employees, Kyla Bowman, consistently treated African American employees worse than Caucasian employees. Ms. Bowman also referred to the African American employees as "stupid" and "lazy," and was unfairly critical of their work performance. Plaintiff complained about Ms. Bowman's racially discriminatory behavior to Ms. Cox and Ray Wilson, Manager of Customer Care. Yet rather than discipline Ms. Bowman, Cox and Wilson merely stated that Bowman had had racial issues in the past and laughed off her racism as being of no concern.

15. Additionally, in January 2012 Ms. Cox informed Plaintiff that she should move an African American employee, Andre Code, away from Plaintiff's desk. Ms. Cox also informed Plaintiff that CEO Larry Davis and VP of Customer Care Mike Denning had suggested Plaintiff not associate with other African American employees. Plaintiff immediately informed Ms. Cox that such a suggestion was offensive and upset Plaintiff. Plaintiff also reported to Human Resources that this "advice" was discriminatory and highly offensive.

16. Also in January 2012, Plaintiff learned from a woman named Wendy that at a dinner she attended with Larry Davis and Ed Miller, director of sales, all three persons joked about Plaintiff looking like Kizzy, a fiction slave played by actress Cicely Tyson from the movie "Roots." Plaintiff informed Wendy and Ms. Cox that such jokes and discussions were offensive. Nevertheless, the jokes continued and a picture of the actress Cicely Tyson was printed off and posted on Plaintiff's computer screen. Plaintiff complained about this incident to Ms. Cox but yet again received no assistance.

17. Then on February 6, 2012 Plaintiff was terminated because of her race and in direct retaliation for reporting discriminatory behavior.

3

18.     During her employment with Defendant, Plaintiff complained about this situation numerous times and it was never corrected. Yet the racially offensive behavior and language that created a hostile work environment was never corrected. Instead of correcting the racially discriminatory behavior of its employees, Defendant terminated Plaintiff.

## FIRST CLAIM FOR RELIEF:
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

19.     Plaintiff, Lynetria Marchell Johnson, incorporates as if realleged Paragraphs 1-18.

20.     By continually subjecting the Plaintiff to a hostile work environment based on her race and failing to properly ensure a non-hostile work environment, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF:
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII
## (AS TO ALL DEFENDANTS)

21.     Plaintiff, Lynetria Marchell Johnson, incorporates as if realleged Paragraphs 1-20.

22.     By treating the Plaintiff differently than her Caucasian coworkers, engaging in racially offensive behavior, and terminating the Plaintiff because of her race and in retaliation for her reports of discrimination, the Defendant has violated Title VII of the Civil Rights Act of 1964.

4

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### THIRD CLAIM FOR RELIEF
### RETALIATION IN VIOLATION OF TITLE VII

23.　Plaintiff, Lynetria Marchell Johnson, incorporates as if realleged Paragraphs 1-22.

24.　By subjecting the Plaintiff to adverse employment actions including termination in retaliation for her participation in protected activity as defined under Title VII, the Defendant has violated 42 U.S.C. §2000e-3(a).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
### DISCRIMINATION IN VIOLATION OF THE OADA
### (AS TO ALL DEFENDANTS)

25.　Plaintiff, Lynetria Marchell Johnson, incorporates as if realleged Paragraphs 1-24.

26.　By failing to ensure a safe and non-hostile work environment, treating the Plaintiff differently than her Caucasian coworkers, and ultimately terminating her

5

because of her race and in retaliation for reporting discrimination, the Defendants and its agents have violated the Oklahoma Anti-Discrimination Act 25 O.S. § 1101 et seq.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### FIFTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AS TO ALL DEFENDANTS)

27. Plaintiff, Lynetria Marchell Johnson, incorporates as if realleged Paragraphs 1-26.

28. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost

benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

        Respectfully submitted,
        SMOLEN, SMOLEN & ROYTMAN
        P.L.L.C.

        Daniel E. Smolen, OBA# 19943
        Lauren G Lambright, OBA# 22300
        701 South Cincinnati Avenue
        Tulsa, OK 74119
        P: (918) 585-2667
        F: (918) 585-2669
        *Attorneys for Plaintiff*

**CERTIFIED MAIL**

7012 2920 0000 4564 7249

US POSTAGE $006.31⁰ — PITNEY BOWES — NOV 11 2013 — MAILED FROM ZIP CODE 74119

Smolen | Smolen | Roytman
ATTORNEYS AT LAW
701 S. Cincinnati Ave. Tulsa, OK 74119
www.ssrok.com

ORS Nasco, LLC
c/o Corporation Service Company
115 SW 89th Street
Oklahoma City, OK 73139